1  FRANK N. DARRAS #128904, Frank@DarrasLaw.com
2  SUSAN B. GRABARSKY #203004, SGrabarsky@DarrasLaw.com
   PHILLIP S. BATHER #273236, PBather@DarrasLaw.com

3  **D DarrasLaw**

4  3257 East Guasti Road, Suite 300
5  Ontario, California 91761-1227
   Telephone:   (909) 390-3770
6  Facsimile:   (909) 974-2121

7  Attorneys for Plaintiff
   PRISCILLA DUBOSE
8

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11  PRISCILLA DUBOSE,                    Case No:
12
              Plaintiff,                 COMPLAINT FOR BENEFITS UNDER
13                                        A GROUP DISABILITY EMPOYEE
                                          BENEFIT PLAN
14     vs.

15  THE PRUDENTIAL INSURANCE
16  COMPANY OF AMERICA,

17            Defendant.

18

19     Plaintiff alleges as follows:

20     1.    This Court's jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1337

21  and 29 U.S.C. § 1132(a), (e), (f), and (g), of the Employee Retirement Income Security

22  Act of 1974, 29 U.S.C. § 1101, *et seq*. (hereafter "ERISA") as it involves a claim by

23  Plaintiff for Disability benefits under an employee benefit plan regulated and governed

24  under ERISA.  Jurisdiction is predicated under these code sections as well as 28 U.S.C.

25  § 1331 as this action involves a federal question.

26     2.    The ERISA statute at 29 U.S.C. § 1133, in accordance with Regulations of

27  the Secretary of Labor, provides a mechanism for internal appeal of benefit denials.

28  Those avenues of appeal have been exhausted.

3.     Plaintiff is informed and believes and thereon alleges that the MICHELIN NORTH AMERICA, INC. LONG TERM DISABILITY PLAN ("Plan") is an employee welfare benefit plan established and maintained by Michelin North America, Inc., to provide its employees and those of its subsidiaries and affiliates, including Plaintiff, PRISCILLA DUBOSE, with income protection in the event of a disability and is the Plan Administrator.

4.     Plaintiff alleges upon information and belief that Defendant, THE PRUDENTIAL INSURANCE COMPANY OF AMERICA ("PRUDENTIAL"), is, and at all relevant times was, a corporation duly organized and existing under and by virtue of the laws of the State of New Jersey, authorized to transact and transacting the business of insurance in this state, and, the insurer and Claims Administrator for the Plan.

5.     Plaintiff further alleges that venue is proper in this district pursuant to 29 U.S.C. § 1132(e)(2) in that defendant PRUDENTIAL, which fully insured the policy and which is ultimately liable if Plaintiff is found disabled, may be found in this district.  Since on or about May 13, 1901, PRUDENTIAL has been registered as a corporation with the state of California, has extensive contacts within the state, employs California residents, conducts ongoing business within the state and therefore, may be found within the state.

6.     At all relevant times Plaintiff was a resident and citizen of the United States, an employee of Michelin North America, Inc. its successors, affiliates and/or subsidiaries, and a participant in the Plan.

7.     Based upon information and belief, Plaintiff alleges that at all relevant times herein Plaintiff was covered under group disability policy number G-51319-SC that had been issued by Defendant PRUDENTIAL to Michelin North America, Inc. to insure its Plan, and the eligible participants and beneficiaries of the Plan, including Plaintiff.  A copy of the Policy is attached hereto as Exhibit "A".

8.     Based upon information and belief, Plaintiff alleges that the subject Policy promised to pay Plaintiff monthly long term disability benefits for a specified period of time should she become disabled. Therefore, PRUDENTIAL both funds and decides

whether claimants will receive benefits under the Plan and as such suffers from a structural conflict which requires additional skepticism.

9.   The Plan provides a monthly benefit equivalent to sixty percent (60%) of the Employee's monthly earnings following an Elimination Period of 180 days.

10.   The Plan defines "Disability" as: "You are disabled when Prudential determines that: you are unable to perform the material and substantial duties of your regular occupation due to your sickness or injury; and you are under the regular care of a doctor; and you have a 20% or more loss in your indexed monthly earnings due to that sickness or injury. After 24 months of payments, you are disabled when Prudential determines that due to the same sickness or injury, you are unable to perform the duties of any gainful occupation for which you are reasonably fitted by education, training or experience; and you are under the regular care of a doctor."

11.   The Plan's Maximum Benefit Period is Plaintiff's Social Security Normal Retirement Age of Age 67.

12.   Prior to her disability, Plaintiff was a US8 PABU Operator for Michelin North America, Inc.  The material and substantial duties of this occupation required Plaintiff be able to do the following:

- Place bag on trollies
- Unload BU's from belts into bins
- Set up bins for completed BU's
- Use forklift to place chemical bins into plane
- Sitting: 0.5 hours
- Standing: 8 hours
- Walking: .5 hours
- Bending: 1 hour
- Pushing/Pulling: 2.5 hours
- Lifting: 10lbs or less: 750 times per day
- Lifting: 10lbs to 20lbs: 1600 times per day

13.   On or about June 9, 2015, Plaintiff underwent a lumbar interlaminar epidural steroid injection.

- 3 -

COMPLAINT

14.     On or about June 12, 2015, Plaintiff became disabled, as defined by the Plan.

15.     On or about July 10, 2015, Plaintiff underwent an MRI of her lumbar spine. The findings were:

- L4-5 and L3-4 disc degeneration
- Severe L4-5 facet arthropathy with moderate L3-4 facet arthropathy

16.     On or about July 14, 2015, Plaintiff followed with Dr. Sung Han regarding her lumbar spondylosis, mechanical back pain and sitting intolerance.  Plaintiff reported her pain increased with standing and walking long periods as well.  Dr. Han's assessment was "severe lumbar spondylosis at L4-5 with mechanical back pain."

17.     On or about August 7, 2015, Plaintiff underwent a right lumbosacral medial branch injection.

18.     On or about October 8, 2015, Plaintiff was discharged from Upstate Physical Therapy, PA.  Physical therapist Tim Drew, PT, DPT prepared a letter to Dr. Sung Han advising of the discharge as follows:

- "Thank you for allowing us to work with Ms. Dubose!  She has been a true pleasure to work with at Upstate PT."
- "The reason I am writing is to inform you that we recently decided to d/c Ms. Dubose secondary to pts inability to demonstrate improvement w/ current pain sx."
- "Pt has been compliant w/ HEP and tx sessions, but has not been able to demonstrate improvement of six over the last few visits."

19.     On or about October 22, 2015, Dr. Sung Han completed an Attending Physician Statement.  He noted a restriction of no lifting greater than ten pounds.

20.     On or about November 24, 2015, Dr. Rebecca Norris prepared a letter confirming Plaintiff's inability to return to her occupation: "It is my opinion that she will be unable to return to her position at Michelin due to the diagnosis of myositis and arthralgias."

1      21.    On or about December 3, 2015, Defendant denied Plaintiff's claim.

2      22.    On or about December 11, 2015, Plaintiff consulted with Dr. Rebecca

3  Norris regarding her low back pain.  She reported that the pain was constant and getting

4  worse.  Dr. Norris noted: "She has not been able to work due to the requirements of her

5  job making the pain worse. Her back pain has progressed to where it limits her ability to

6  work at her current occupation."

7      23.    On or about December 18, 2015, Plaintiff timely requested an appeal

8  review of her claim.

9      24.    Included with Plaintiff's appeal was a December 18, 2015 letter from Dr.

10 Rebecca Morris regarding Defendant's denial of the claim.  Dr. Morris' letter stated the

11 following:

12      •   "I recently received a copy of your statement to the above patient

13          regarding the denial of her Long Term Disability (LTD).  In reading your

14          statement and reasoning for your denial, I noticed errors and incorrect

15          assumption.  Given that you used these reasons to deny her benefits, I

16          feel that these need to be readdressed and corrected."

17      •   "First, you stated in the Chronic Low Back pain…paragraph that she is no

18          longer seeing Dr. Han.  This is incorrect.  She has a follow up scheduled

19          with him that was scheduled as a follow up to the 10/22/2015 visit.  She

20          was not discharged from his care.  You also sited that his physical exam is

21          unchanged.  This means that you agree that he had an initial abnormal

22          exam and that there was no improvement in it, despite his interventions

23          and treatment."

24      •   "In the next paragraph you refer to my notes.  You stated that she did not

25          report back pain to me while seeing Dr. Han.  This is incorrect.  Please

26          see the end of the HPI section of the 7/1/2015 note.  My exam does state

27          that the cervical spine was normal and nontender.  Her issues that prevent

28          her from working are lumbosacral not lumbar.  So, the cervical spine being

- 5 -
COMPLAINT

normal at this time has no bearing on her reasons for not being able to work.  The other issues we addressed regarding myalgias, weight and knee pain are not her reason for disability, so their treatment and progression are not part of her LTD."

- "Your next paragraph states that there is no functional loss.  Her findings on exam when not currently working and at rest in an office setting in no way can be correlated to "no functional deficit."  This would be assessed [sic] during activity and repetitive motion with various weights and resistance.  Per your definition of LTD, it is an inability to do her current job.  That is the issue.  She can not perform the requirements of her current job without progressive, debilitating pain.  She has discussed this with the plant nurse who was the first to tell her, per patient's report, that she was not going to be able to keep doing her current job."

- "In addition, your statement references MRI findings.  The MRI does not show a nerve compression or abnormality requiring surgical intervention.  Beyond this, any assumption of radiographic images determining a level of pain or function is assumption."

- "In your Inconsistencies section, you stated that she did not report pain symptoms to me until 9/30/2015.  It is clear that I knew about these prior to her ever seeing Dr. Han because I referred her.  She also did discuss her pain issues and inability to return to work with me throughout the time she was also seeing Dr. Han.  You also stated that she did not complete physical therapy.  If you look at the last PT note from 10/8/2015 it states that she completed 8/8 sessions.  She was compliant and did complete therapy as ordered.  Your summary is incorrect about this.  She was not improving so it was not continued, but she did attend all sessions.  After therapy her pain would actually be worse."

25.  On or about January 19, 2016, Dr. Rebecca Norris responded to

1    questions posed by Defendant's peer reviewer as follows:

2          • *Does the patient have any medically necessary restrictions and/or*

3             *limitations from any one condition or combination of conditions 06/12/2015*

4             *forward?* She had on 6/12/15 and continues to have activity restrictions of

5             sit/stand as needed for 4 hrs at a time, with no lifting over 20lbs

6             intermittently or rarely and less than 10lbs frequently.  She continues to

7             have worsening myalgia that has limited response to medication SE of

8             sedation.

9    26.    On or about January 28, 2016, Defendant denied Plaintiff's appeal.

10   27.    Plaintiff timely requested a second appeal review of her claim.

11   28.    On or about June 30, 2016, Defendant denied Plaintiff's second appeal

12   and advised she had exhausted her administrative remedies.

13   29.    Based on the substantial medical evidence in the possession of

14   PRUDENTIAL at the time of the denial, the decision to deny disability insurance benefits

15   was wrongful and contrary to the policy.

16   30.    As a direct and proximate result of PRUDENTIAL's failure to provide

17   Plaintiff with Plan benefits, Plaintiff has been deprived of said Plan benefits beginning

18   on or about December 10, 2015 to the present date.

19   31.    As a further direct and proximate result of the denial of benefits, Plaintiff

20   has incurred attorney fees to pursue this action, and is entitled to have such fees paid

21   by defendants pursuant to 29 U.S.C. § 1132(g)(1), ERISA § 502(g)(1).

22   32.    A controversy now exists between the parties as to whether Plaintiff is

23   disabled as defined in the Plan.  Plaintiff seeks the declaration of this Court that she

24   meets the Plan definition of disability, was, and is, eligible for coverage, and

25   consequently she is entitled to all benefits from the Plan to which she might be entitled

26   while receiving disability, with reimbursement of all expenses and premiums paid for

27   such benefits from the termination of benefits to the present.  In the alternative, Plaintiff

28   seeks a remand for a determination of Plaintiff's claims consistent with the terms of the

DarrasLaw

1 Plan.

2      WHEREFORE, Plaintiff prays for relief against Defendants as follows:

3      1.      An award of benefits in the amount not paid Plaintiff beginning on or about

4 December 10, 2015 together with interest at the legal rate on each monthly payment

5 from the date it became due until the date it is paid; plus all other benefits from the Plan

6 to which she might be entitled while receiving disability benefits, with reimbursement of

7 all expenses and premiums paid for such benefits or, in the alternative, a remand for a

8 determination of Plaintiff's claim consistent with the terms of the Plan;

9      2.      An order determining Plaintiff was, and is, eligible for coverage, and is

10 entitled to future Plan benefits so long as she remains disabled as defined in the Plan;

11      3.      For reasonable attorney fees incurred in this action; and,

12      4.      For such other and further relief as the Court deems just and proper.

13

14

15 Dated:  July 17, 2017

16

17                    FRANK N. DARRAS
18                    SUSAN B. GRABARSKY
19                    PHILLIP S. BATHER
                      Attorneys for Plaintiff
20                    PRISCILLA DUBOSE

21

22

23

24

25

26

27

28